Case 4:21-cv-00253 Document 45 Filed on 10/28/22 in TXSD Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
October 31, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KOLAN JENKINS, <br> (TDCJ #02230034) § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> BOBBY LUMPKIN, § <br> § <br> Respondent. § | CIVIL ACTION NO. H-21-253 |

# MEMORANDUM OPINION AND ORDER

State inmate Kolan Jenkins, representing himself, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2018 Texas conviction and sentence for attempted sexual assault. (Docket Entry No. 1). The respondent has filed a motion for summary judgment, together with a copy of the state court record. (Docket Entry Nos. 33, 34). Jenkins has not responded to the respondent's motion.[1] Based on the pleadings, the motion, the record, and the applicable law, the court grants the respondent's motion for summary judgment and dismisses this case by separate order. The reasons are explained below.

**I.     Background and Procedural History**

On direct appeal, the First Court of Appeals summarized the relevant facts as follows:

> Mary Smith[3] and her sister, Tracy Smith, stopped at a store at 1:00 in the morning. Mary was inside and Tracy was outside the store when Kolan Oliver Jenkins approached Mary and asked her to help him use the ATM machine. Mary agreed. Jenkins followed Mary to the corner of the store where the ATM machine was located. According to Mary's testimony, when they reached the machine, Jenkins grabbed her. She could feel his penis pushing against her. Jenkins was trying to lift her dress. Mary saw that Jenkins's pants were open and his penis was exposed. Mary fought to free herself from Jenkins's hold. He continued to grab at

---

[1] Since the respondent has filed its motion for summary judgment, Jenkins has filed several motions (*see* Docket Entry Nos. 35, 37, and 42), but he has not made any filings that address the arguments in the respondent's motion for summary judgment.

her skirt. She thought he was trying to insert his penis into her vagina and, intermittently, also trying to insert his fingers. Mary screamed for help and struggled against him. According to Mary, Jenkins managed to partially insert his finger into her vagina during the struggle. A short time after the struggle began, a nearby man saw what was happening through the store window and ran in to help. Tracy also saw what was happening and ran in to help Mary. The two were able to free Mary from Jenkins's hold and force Jenkins to the other side of the store. Meanwhile, the store attendee called the police. Jenkins was arrested and charged with attempted sexual assault.

. . .

[3] As is our common practice, we will refer to the complainant and her family members by pseudonyms for their privacy. . . .

*Jenkins v. State*, No. 01-18-00987-CR, 2020 WL 1679697, at *1 (Tex. App.—Houston, Apr. 7, 2020).

A grand jury in the 185th District Court in Harris County, Texas, returned an indictment against Jenkins, charging him with attempted sexual assault. (*Id.*; Docket Entry No. 33-11 at 7). A jury subsequently found him guilty and sentenced him to 25 years of imprisonment. *See Jenkins*, 2020 WL 1679697, at *1; (Docket Entry No. 33-11 at 187, 193, 194). On April 7, 2020, the First Court of Appeals affirmed the judgment of the trial court, and on July 22, 2020, the Texas Court of Criminal Appeals refused Jenkins's petition for discretionary review. (Docket Entry No. 33-2; Docket Entry No. 33-10; *see also Jenkins*, 2020 WL 1679697, at *1.

Jenkins executed a state application for writ of habeas corpus on April 30, 2020. (*See* Docket Entry No. 33-20 at 20). On September 9, 2020, the Texas Court of Criminal Appeals dismissed the application without written order because the mandate affirming Jenkins's conviction had not issued at the time the application was filed in the trial court. (Docket Entry No. 33-18).

On January 7, 2021, Jenkins executed a second state application for writ of habeas corpus. (Docket Entry No. 33-23 at 20). In his state application, Jenkins challenged his conviction on the following grounds:

(1) He was not allowed to pick a jury;

(2) The store clerk gave perjured testimony;

(3) His sentence is illegal because prior attempted sexual assault case was dismissed;

(4) The statement of facts in the State's brief is "totally frivolous" and "totally wrong";

(5) Store clerk that called 911 was not present at trial to explain why she called 911; and

(6) His attorney provided ineffective assistance when he:

  (a) failed to introduce that a prior attempted sexual assault case was dismissed;

  (b) selected a jury from another courtroom;

  (c) provided Jenkins with "poor" advice and "affirmative misadvice"; and

  (d) did not argue that Jenkins acted in self-defense.

(*Id.* at 5–20). On May 5, 2021, the Texas Court of Criminal Appeals denied Jenkins's state application for writ of habeas corpus without a written order. (Docket No. 33-21).

On January 18, 2021, Jenkins filed the pending federal petition for writ of habeas corpus. (*See* Docket Entry No. 1 at 10). His petition alleges the following claims:

(1) His sentence is illegal because it exceeds the statutory punishment range;

(2) The prosecutor's statement in the Statement of Facts in the State's brief is "totally wrong" because it states that the victim was attacked from behind;

(3) His Fourteenth Amendment due process rights were violated when the state allowed perjured testimony to obtain his conviction;

(4) His attorney provided ineffective assistance when he failed to call witnesses that would testify that he was acting in self-defense;

> (5) His appellate attorney provided ineffective assistance by not returning Jenkins back to court "ASAP" via a bench warrant; and
>
> (6) The trial court judge erred when he held that "the audio at trial was altered . . . ."

(Docket Entry No. 1 at 6–9).

In May 2022, the court entered an order directing the respondent to file an answer or other appropriate responsive pleading, in compliance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. (Docket Entry No. 25). The respondent has now filed a motion for summary judgment, arguing that Jenkins's claims are unexhausted, procedurally barred, or without merit. (Docket Entry No. 34).

## II. The Applicable Legal Standards

### A. The Antiterrorism and Effective Death Penalty Act

This federal petition for habeas corpus is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Woodford v. Garceau*, 538 U.S. 202, 205–08 (2003). Under the AEDPA, federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7–8 (2002) (quoting 28 U.S.C. § 2254(d)); *Cobb v. Thaler*, 682 F.3d 364, 372–73 (5th Cir. 2012) (same). "A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts." *Gray v. Epps*, 616 F.3d 436, 439 (5th Cir. 2010) (citing *Williams v. Taylor*, 529 U.S. 362, 404–08 (2002)). To constitute an "unreasonable application of"

clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014)). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

Where a claim concerns a question of fact, the AEDPA precludes federal habeas relief unless the state court's adjudication of the merits was based on an "unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2); *see also Martinez v. Caldwell*, 644 F.3d 238, 241–42 (5th Cir. 2011). A state court's factual determinations are "presumed to be correct" unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness extends not only to express factual findings, but also to implicit or "unarticulated findings which are necessary to the state court's conclusion of mixed law and fact.'" *Murphy v. Davis*, 901 F.3d 578, 597 (5th Cir. 2018) (quoting *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001)). A federal habeas court "may not characterize these state-court factual determinations as unreasonable 'merely because [it] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain*, 576 U.S. 305, 313–14 (2015) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)). "Instead, § 2254(d)(2) requires that [a federal court] accord the state trial court substantial deference." *Id.* This court may consider only the factual record that was before the state court in determining the reasonableness of that court's findings and conclusions. *Cullen v. Pinholster*, 563 U.S. 170, 180–81 (2011).

When a claim challenges a mixed question of fact and law, the state court's determinations are entitled to deference "unless the findings were 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.'" *Martinez*, 644 F.3d at 242 (quoting § 2254(d)(1)). Generally, federal courts presume that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting that same claim rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *see also Jackson v. Johnson*, 194 F.3d 641, 651 (5th Cir. 1999) ("When faced with a silent or ambiguous state habeas decision, the federal court should 'look through' to the last clear state decision on the matter."). When, however, "a state court's decision is unaccompanied by an explanation," and the lower courts did not issue a reasoned opinion, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98; *see also Salts v. Epps*, 676 F.3d 468, 480 n.46 (5th Cir. 2012) ("[W]here a state court summarily denies a petitioner's motion, and provides no statement of its reasons, 'the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.'") (quoting *Harrington*, 562 U.S. at 98).

**B.     The Summary Judgment Standard in Habeas Corpus Proceedings**

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000) (citing Rule 11 of the Rules Governing § 2254 Cases and Fed. R. Civ. P. 81(a)(2)). In ordinary civil cases a district judge considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the nonmoving party. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014). The AEDPA, however, modifies summary judgment principles in the habeas context, and Rule 56 "applies only to the

6

extent that it does not conflict with the habeas rules." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004). "Therefore, § 2254(e)(1)—which mandates that findings of fact made by a state court are 'presumed to be correct'—overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party." *Id.*

### C. *Pro Se* Litigants

Jenkins is proceeding *pro se*. This court is required to construe *pro se* petitions liberally. *See Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction.") (citations omitted); *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) ("[Petitioner]'s pro se application for habeas relief is entitled to liberal construction.") (citations omitted). Pleadings by *pro se* litigants are held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III. Discussion

### A. The Unexhausted and Procedurally Barred Claims

Jenkins raises several of his claims in federal court for the first time. The claims not previously raised are: (1) his sentence is illegal because it exceeds the statutory punishment range; (2) his appellate attorney provided ineffective assistance by not returning Jenkins back to court "ASAP" via a bench warrant; and (3) the trial court judge erred when he held that "the audio at trial was altered . . . ." (*See* Docket Entry No. 1 at 6–9).

A federal court may not grant habeas relief on behalf of a person in state custody unless "the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may

7

grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). To satisfy this requirement, a claim must be "fairly presented" to the state's highest court for review. *See Orman v. Cain*, 228 F.3d 616, 620 & n.6 (5th Cir. 2000). The doctrine of exhaustion "require[s] a state prisoner to present the state courts with the *same claim* he urges upon the federal courts." *Wilder v. Cockrell*, 274 F.3d 255, 261 (5th Cir. 2001) (quoting *Picard v. Connor*, 404 U.S. 270, 276 (1971)).

The record confirms that Jenkins did not raise the claims that his sentence is illegal because it exceeds the statutory punishment range, his appellate attorney provided ineffective assistance by not returning him to court through a bench warrant, and the trial court judge erred when he held that the audio at trial was altered in his direct appeal or in a properly filed state habeas application. He thus did not exhaust his available state court remedies as to these claims. The respondent argues that these unexhausted claims are procedurally defaulted because the state court would now find them procedurally barred.

"[I]f a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would not find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2000) (citations omitted). Jenkins's unexhausted claims could have been raised during his direct appeal or in his state habeas corpus application. A successive petition raising these claims in state court would be barred by the Texas abuse-of-the-writ statute. *See* Tex. Code Crim. Proc. § 11.07, § 4(a). This default is an adequate procedural ground to bar state, and therefore federal, review of the unexhausted claims, unless an exception applies. *Finley*, 243, F.3d at 220 (citing *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.1995)).

8

To show an exception for federal habeas review, a petitioner who has procedurally defaulted a claim in state court must demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To establish a fundamental miscarriage of justice, a petitioner must provide the court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 452–54 (1986). A claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). A petitioner seeking to overcome a procedural default by showing "actual innocence" must support his allegations with new, reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The petitioner must show that it is more likely than not that, in light of the new evidence, no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Id.* at 326–27. Jenkins does not present new evidence or demonstrate a viable actual-innocence claim under *Schlup*. He does not argue, let alone demonstrate, cause for his default. Absent a showing of cause, a court need not consider whether there is actual prejudice. *See Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

Procedural default bars Jenkins's claims that his sentence is illegal because it exceeds the statutory punishment range, his appellate attorney provided ineffective assistance by not returning him to court through a bench warrant, and the trial court judge erred when he held that the audio at trial was altered. Jenkins's remaining claims are analyzed on the merits.

9

### B. Jenkins's Remaining Claims

#### 1. Trial counsel provided ineffective assistance by failing to call witnesses who would testify that Jenkins was acting in self-defense

Jenkins claims that his trial attorney provided ineffective assistance because he failed to call witnesses who would testify that he was acting in self-defense when was assaulted by the victim after attempting to restrain the victim and losing his balance. Ineffective assistance of counsel claims are analyzed under *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under *Strickland*, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice to the defense as a result. *See Strickland*, 466 U.S. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Id.* Failing to show either deficient performance or prejudice is fatal to an ineffective assistance claim. *See id.*; *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998). "Like AEDPA, *Strickland* establishes a deferential standard," and in order to prevail on an ineffective assistance of counsel claim in a § 2254 proceeding, a petitioner "must prove both that his counsel's performance was objectively deficient and that his counsel's deficiency prejudiced him, and that no reasonable jurist could conclude otherwise." *Williams v. Thaler*, 684 F.3d 597, 604 (5th Cir. 2012); *see also Harrington*, 562 U.S. at 105 ("When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.").

To demonstrate deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688; *see also Harrington*, 562 U.S. at 105 ("The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from

10

best practices or most common custom.") (citing *Strickland*, 466 U.S. at 690). This is a "highly deferential" inquiry in which "counsel is strongly presumed to have rendered adequate assistance" and that the challenged conduct was the product of reasoned trial strategy. *Strickland*, 466 U.S. at 689–90; *see also Pape v. Thaler*, 645 F.3d 281, 292 (5th Cir. 2011). To overcome this presumption, a defendant must identify counsel's acts or omissions that did not result from reasonable professional judgment. *Strickland*, 466 U.S. at 690. Counsel's error, even if professionally unreasonable, does not warrant setting aside a conviction if the error had no effect on the outcome. *Id.* at 691 (citation omitted). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Claims of uncalled witnesses, like Jenkins's, "are disfavored [on federal habeas corpus review], especially if the claim is unsupported by evidence indicating the witnesses's willingness to testify and the substance of the proposed testimony." *Gregory v. Thaler*, 601 F.3d 347, 353 (5th Cir. 2010) (citations omitted); *see also Sayre v. Anderson*, 238 F.3d 631, 635–36 (5th Cir. 2001) ("Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative.") (quoting *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986)). To demonstrate the required *Strickland* prejudice in this context, a petitioner "must show not only that [the] testimony [of an uncalled witness] would have been favorable, but also that the witness would have testified at trial." *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) (quoting *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)). Jenkins does not make this showing. Jenkins does not identify any witnesses who would have testified that he was acting in self-defense. Further, as pointed out by the respondent, Jenkins testified at trial about his belief that he was acting in self-defense. (*See* Docket Entry No. 33-15

11

at 146–54). Jenkins's attorney questioned him in detail about his version of the incident and Jenkins testified that he accidentally bumped into the victim, and then was assaulted by the victim and another man. (*Id.*). That the jury rejected Jenkins's version of the events does not mean that his attorney acted deficiently.

Jenkins has failed to show that the state courts' determination was contrary to, or involved an unreasonable application of, *Strickland*, or that the decision involved an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and the respondent is entitled to summary judgment on this claim

> 2. *The prosecution acted improperly when it "introduced false testimony" in its brief and allowed perjured testimony at trial*

In his next two grounds for relief, Jenkins argues that the prosecution acted improperly. First, Jenkins alleges that the prosecution introduced "false testimony" in the statement of facts in the State's brief when it stated that the victim was attacked from behind, which "lead[] [the] jury to the assumption of guilt[.]" (Docket Entry No. 1 at 7). Jenkins's argument is not entirely clear. There is nothing in the record supporting that the jury had access to the "State's brief." Further, review of the trial record reveals that the victim testified that she was attacked from behind. To the extent that the State's brief on direct appeal included a statement that the victim was attacked from behind, it is consistent with the trial record.

Jenkins next argues that his Fourteenth Amendment due process rights were violated because the State knowingly put on false testimony that was material. In support of this claim, Jenkins appears to argue that one of the State's witness, the manager of the convenience store where the victim was attacked, gave perjured testimony because he did not know what happened before he arrived at the scene.

"The Due Process Clause of the Fourteenth Amendment forbids the State from knowingly using perjured testimony." *Knox v. Johnson*, 224 F.3d 470, 477 (5th Cir. 2000) (citing *Giglio v. United States*, 405 U.S. 150, 153 (1972)). To grant habeas on false testimony grounds, a petitioner must show: "(1) that a witness for the State testified falsely; (2) that such testimony was material; and (3) that the prosecution knew that the testimony was false." *Id.* (citing *Giglio*, 405 U.S. at 153–54).; *see also Beltran v. Cockrell*, 294 F.3d 730, 735 (5th Cir. 2002).

Jenkins claims that the store manager gave false testimony because the manager did not know that Jenkins had been attacked by the victim after losing his balance, which was before the manager arrived at the scene. Stated differently, although Jenkins claims that the manager gave "perjured testimony," what Jenkins alleges is that the manager did not testify to Jenkins's version of the events because the manager was not aware that Jenkins was attacked by the victim. The manager not testifying about an event he did not observe is the opposite of false testimony. Because Jenkins has not alleged that a specific portion of the store manager's testimony was false—and, instead, merely argues that the manager was not aware of events he did not observe; events that Jenkins posits are true—he has failed to demonstrate that the State knowingly allowed perjured testimony.

The record fails to show that the state habeas court's denial of Jenkins's claims related to perjured and false testimony was an unreasonable or contrary application of clearly established federal law, or that the state habeas court's decision involved an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and the respondent is entitled to summary judgment on these claims.

## IV. Certificate of Appealability

Jenkins has not requested a certificate of appealability, but Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a certificate of appealability as to claims denied on their merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). When relief is denied based on procedural grounds, a petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that jurists of reason "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

After carefully considering the record, the court concludes that Jenkins has not met the requisite showing. There are no grounds to issue a certificate of appealability.

## V. Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 34), is granted. All other pending motions, including Jenkins's motions for default judgment and his "motion for leave

to proceed in forma pauperis," (Docket Entry Nos 35, 37, 42), are denied as moot. A certificate of appealability will not issue. Final judgment is separately entered.

SIGNED on October 28, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge